**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES TIMOTHY SMITH,** | ) | **CASE NO. 1:13 CV 2771** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **ORDER RE: DISMISSING** |
| | ) | **THE CITY OF CLEVELAND** |
| **CITY OF CLEVELAND, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

On November 4, 2013, Plaintiff Charles Timothy Smith filed a *pro se* complaint against Cleveland Police Officer Carl H. Perkins ("Officer Perkins") and the City of Cleveland ("the City") in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CV-13-816622. (The Complaint is located at Doc #: 1-2.) Therein, Smith alleges that, on or about November 3, 2012, he was conversing with other persons at a McDonald's restaurant "about the contributions of Lebron James to the game of basketball." (Comp. ¶ 7.) At that time, Defendant Officer Perkins took offense to comments Smith made "about the paucity of white basketball players in the NBA." (Id. ¶ 8.) According to Smith, Officer Perkins, mistaking Smith as a Caucasian due to his light complexion, stated that he "was tired [of Smith's] comments about blacks and commanded plaintiff to leave." (Id.) Officer Perkins then grabbed Smith and threw him out of the restaurant, injuring him "physically and mentally in the process." (Id. ¶ 9.) When an injured Smith finally reached home, he called for an ambulance which took him to the Cleveland Clinic for treatment. (Id. ¶ 10.)

As a result of these allegations, Smith asserts in Count I that Officer Perkins violated a slew of Smith's constitutional rights under 42 U.S.C. § 1983. (Comp. ¶ 14.) In Count II, Smith – who claims that he is well-known to the City of Cleveland, having been a victim of police misconduct in the past – alleges that Officer Perkins' actions "have been with the sanction and approval of the defendant City of Cleveland and pursuant to its policy and direction which has allowed plaintiff to be a target of police official misconduct towards him." (Id. ¶¶ 19- 20.) As such, the Court construes this to be a § 1983 claim against the City under *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978) (otherwise known as a *Monell* claim). In Count III, Smith asserts assault and battery claims against Officer Perkins and the City. (Id. ¶¶ 23-25.) And in Count IV, Smith asserts a false imprisonment claim against Officer Perkins and the City. (Id. ¶¶ 27-29.)

On December 17, 2013, the City removed the case to this Court based on the Court's federal question jurisdiction over the § 1983 claims asserted in Counts I and II, and supplemental jurisdiction over the state-law claims asserted in Counts III and IV. (Doc #: 1 ¶¶ 2-3.) And on January 17, 2014, the City filed a Motion to Dismiss Plaintiff's Complaint. (Doc #: 4.)

After reviewing the Complaint and the Motion to Dismiss, the Court issued a Show Cause Order directing Smith to file an amended complaint no later than Friday, February 14, 2014 or face the dismissal of his claims against the City. (Doc #: 5.) The Court set forth its reasons for requiring Smith to file an amended complaint, which are repeated below. (Id.)

**I.**

The City asked the Court to dismiss the claims against it because the allegations were insufficient to withstand the minimum pleading standards articulated in recent years by the

Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (occasionally referred to as the *Twombly/Iqbal* standards).

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), as here, the Court's function is to test the Complaint's legal sufficiency. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court must construe the complaint in the light most favorable to the plaintiff, accepting all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. Also, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In *Iqbal*, the Supreme Court further explained the "plausibility" requirement, stating, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Importantly, while courts must construe *pro se* complaints liberally in favor of the plaintiff, *pro se* plaintiffs must also satisfy the "facial plausibility" standard articulated in *Twombly* and *Iqbal*. *See, e.g., Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

## II.

## Count II - Monell Claim against the City

A municipality cannot be held liable for the unconstitutional acts of its employees under the theory of *respondeat superior*. *Monell*, 436 U.S. at 694. In other words, a municipality cannot be held vicariously liable for the constitutional violations of its employees. *Id*. Rather, a plaintiff must show that the municipality itself caused the constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). To sufficiently allege a *Monell* claim, the plaintiff must identify a policy or custom that caused his injury. *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

As relates to this case, Smith must sufficiently allege a custom by the City of tolerance or acquiescence of constitutional-rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). To do this, he must show (1) there was a clear and persistent pattern of illegal activity, (2) the City had notice of it, (3) the City tacitly approved the unconstitutional conduct such that their deliberate indifference in their failure to act can be said to amount to an official policy of action, and (4) the City's custom was the "moving force" or a direct causal link in the constitutional deprivation. *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996). Smith bears a heavy burden in proving municipal liability and he cannot rely solely on a single instance to infer a policy of deliberate indifference. *Thomas*, 398 F.3d at 433).

Smith's *Monell* claim against the City is based entirely on his assertion that he has been "a victim of police misconduct in the past;" thus, Officer Perkin's actions have been undertaken with the "sanction and approval" of the City "and pursuant to its policy and direction." These are nothing more than conclusory assertions which, as a matter of law, are insufficient to

withstand a motion to dismiss. *Twombly*, 550 U.S. at 555. Nor will a recitation of the four elements the Court just identified suffice. *Id*. Smith must allege particular facts describing the alleged past misconduct.

### Counts III and IV against the City

In Counts III and IV, Smith alleges against the City (as well as Officer Perkins) claims of assault, battery and false imprisonment. These are all intentional torts. As the City has correctly pointed out, Ohio courts have consistently held that political subdivisions, such as the City of Cleveland, are immune under O.R.C. § 2744.02 from intentional torts committed by their employees. *See Wilson v. Stark Cty. Dep't of Human Serv.*, 70 Ohio St.3d 450, 452 (1994); *Columbus v. Sanders*, 2012-Ohio-1514 (Ohio App. 5 Dist. Mar. 28, 2012).

### III.

In sum, while *pro se* complaints are to be construed liberally, they must still satisfy the facial plausibility standards set forth by the Supreme Court in *Twombly* and *Iqbal*. Having reviewed the complaint allegations and the motion to dismiss, it is clear to the Court that the allegations supporting the *Monell* claim against the City fail to meet the minimum *Twombly*/*Iqbal* pleading standards, and that the City is immune from the intentional torts allegedly committed by Officer Perkins in Counts III and IV.

Accordingly, on January 30, 2014, the Court issued a Show Cause Order and mailed that Order to Smith. (Doc #: 5.) Therein, the Court noted that it is the general practice of this Court to permit a *pro se* plaintiff one opportunity to amend the complaint prior to dismissing it on the merits. (Id. at 5.) So, the Court directed Smith to file an amended complaint that satisfies *Twombly* and *Iqbal* no later than the close of business on Friday, February 14, 2014. The Court

concluded, "If Smith fails to do so, the City's Motion to Dismiss will be granted." It is now Tuesday, February 18, 2014, and Smith has failed to file an amended complaint or otherwise respond to the Show Cause Order.

Consequently, for the reasons explained above, the Court hereby **GRANTS** the Motion to Dismiss the claims against the City, which are dismissed with prejudice. (**Doc #: 4**.)

The docket reflects that Smith filed the complaint on November 4, 2013, and that his sole attempt to serve Defendant Cleveland Police Officer Carl H. Perkins failed. (See Doc #: 1-4.) Under Fed. R. Civ. P. 4(m), "if a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The time for serving Defendant Perkins will expire on March 4, 2014. **The Court hereby notifies Smith that, if he does not perfect service upon Officer Perkins by the close of business on March 4, 2014, the Court will dismiss the claims against Officer Perkins without prejudice**.

**IT IS SO ORDERED.**

                                         */s/ Dan A. Polster     February 18, 2014*
                                         **Dan Aaron Polster**
                                         **United States District Judge**